DANIEL HOLLAND *versus* LEWISTON FALLS BANK.

The law raises no implied promise to pay the president of a bank for his official services; nor can he recover pay for such services upon a *quantum meruit*.

His compensation is to be fixed by the directors; and is to be such compensation as they think reasonable.

Whether the directors can make a contract for his services for future years, as long as he should be elected, which shall be binding on their sucessors, *quaere*.

ON REPORT from *Nisi Prius*, DANFORTH, J., presiding.

ASSUMPSIT to recover pay for services as president of the defendants for the year ending Oct. 1, 1860.

The case is stated in the opinion.

*Drummond*, for plaintiff.

*Fessenden & Frye*, for defendants.

The opinion of the Court was drawn by

APPLETON, C. J. — The plaintiff was president of the defendant corporation for three successive years, for which he received six hundred dollars a year, by vote of the directors.

This suit is brought to recover pay for his services during the fourth year of his presidency. He shows no agreement with, nor vote of the directors of that year, by which he was to receive compensation.

As a general rule, the directors of corporations are not entitled to pay for the services they may render officially.

The law raises no implied promise to pay for the faithful performance of official duty. It is otherwise with *extra official* labors. These principles seem fully established by the entire concurrence of authorities on the subject. *Dunstan v. Imperial Gas Light Co.*, 2 B. & Ad., 125 ; *Hall* v. *Vermont & M. Railroad Co.*, 28 Vt., 401 ; *N. Y. & N. H. Railroad Co.* v. *Ketchum*, 27 Conn., 170 ; *Sawyer* v. *Pawners' Bank*, 6 Allen, 207.

The president of a bank must be chosen from the number of its directors. By R. S., 1857, c. 47, § 5, " they (directors) shall choose one of their number president, and make him such compensation *as they think reasonable.*" The right to and the amount of compensation is dependent upon and is limited by the will of the directors. This compensation is greater or lesser as they shall " think reasonable," or none may be granted. No action can be maintained upon a *quantum meruit* for such services. If it could be, the compensation would depend, not upon what the directors might in their discretion " think reasonable," but upon what the jury or some other tribunal might think reasonable.

The plaintiff accepted his position well knowing that he was entitled only to such compensation as his associates in the direction should " think reasonable." His acceptance was voluntary. He was to abide their judgment as to the reasonable compensation for his services. The statute does not authorize any other tribunal to make him such compensation as the directors shall think unreasonable.

No recorded vote of the directors fixing the compensation of the president for future years is to be found upon the records of the defendant corporation. The failure to record so important a vote is no slight evidence to disprove its existence.

The president and directors hold office by annual election. Their future reëlection would always be a matter of uncertainty. The evidence fails to satisfy us that any contract was in fact made with the then president for his compensation for future years, contingent upon his future election.

It becomes, therefore, unnecessary to determine whether the directors had a legal right to make such contract and thus withdraw the fixing of the amount of compensation from the directors for the time during which the services were rendered, and who would best know what sum was fairly earned and would be reasonable.

*Plaintiff nonsuit.*

CUTTING, KENT, DICKERSON, BARROWS and DANFORTH, JJ., concurred.